```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

                    Plaintiff,       MEMORANDUM & ORDER
                                     13-CV-7382(JS)(AYS)
        -against-

L.G. WHITE & SONS, INC.,

                    Defendant.
--------------------------------------X
APPEARANCES
For Plaintiff:      Charles R. Virginia, Esq.
                    Elina Burke, Esq.
                    Richard B. Epstein, Esq.
                    Virginia & Ambinder LLP
                    40 Broad Street, 7th floor
                    New York, NY 10004

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R"), recommending that this Court confirm an arbitrator's award. (Docket Entry 18.) For the following reasons, the Court ADOPTS Judge Shields' R&R in its entirety.

BACKGROUND

This action was commenced on December 30, 2013 by plaintiff Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiff") against defendant L.G. White & Sons, Inc.

("Defendant"). Plaintiff alleges that Defendant failed to comply with a collective bargaining agreement ("CBA") that required it to make periodic contributions to Plaintiff, submit periodic reports, make its books and payroll records available upon request for an audit, and to submit any disputes to final, binding arbitration. (R&R at 2.) Defendant was specifically required to remit fringe benefits for the period of January 1, 2010 through June 30, 2014 and failed to do so. (R&R at 2.) In addition, Defendant failed to comply with Plaintiff's demands to furnish its books and records for the purpose of conducting an audit. (R&R at 2.) The parties' dispute was submitted to arbitration pursuant to the arbitration clause in the CBA and the arbitrator directed Defendant to pay Plaintiff the sum of $308,454.29 and furnish financial records for the purpose of an audit. (R&R at 2-3.) Defendant failed to comply with the award. (R&R at 3.)

On April 20, 2015, Plaintiff moved for the Court to confirm the arbitration award. (Docket Entry 9.) On October 8, 2015, the undersigned referred Plaintiff's motion to Magistrate Judge Shields for an R&R on whether the motion should be granted. (Docket Entry 15.)

On January 8, 2016, Judge Shields issued her R&R. (Docket Entry 18.) The R&R recommends that the Court confirm the arbitrator's award and enter judgment in favor of Plaintiff and against Defendant in the amount of $310,347.79, comprised of

$224,468.10 for delinquent contributions, $38,135.56 in interest, $44,839.63 for liquidated damages, the arbitrator's $750.00 fee, $1,687.00 in attorneys' fees, and $467.50 in costs. (R&R at 10.) In addition, Judge Shields recommended that, within thirty (30) days of this Memorandum and Order, Defendant be directed to make available to Plaintiff all records that Plaintiff deems necessary to conduct an audit for the period running from January 1, 2010 through June 30, 2014. (R&R at 10.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Shields' R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Shields' R&R (Docket Entry 18) is ADOPTED in its entirety. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants in the amount of $310,347.79. In addition, within thirty (30) days of this Memorandum and Order, Defendant is directed to make available to Plaintiff all records which Plaintiff deems necessary to conduct an audit for the period running from January 1, 2010 through June 30, 2014.

Plaintiff is directed to serve a copy of this Memorandum & Order on Defendant and file proof of service. The Clerk of the Court is further directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  29 , 2016
Central Islip, New York